**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Carlos Ramirez,**

**Plaintiff,**

**-against-**

**Cachapas Y Mas Corp. et al.,**

**Defendants.**

**1:24-cv-09402 (SDA)**

**<u>ORDER</u>**

**STEWART D. AARON, United States Magistrate Judge:**

This case contains one or more claims arising under the Fair Labor Standards Act ("FLSA"). On August 10, 2026, this case was referred to the undersigned, on the parties' consent, to conduct all proceedings, including the entry of final judgment. (*See* Consent Order, ECF No. 27.) During a telephone conference on August 24, 2026, the parties indicated that a settlement had been reached. (*See* 8/24/26 Order, ECF No. 29.) Thereafter, the parties were ordered to provide a copy of the settlement agreement to the Court together with a letter or motion explaining why the settlement, including any provision for attorneys' fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See id.*)

On August 31, 2026, Plaintiff submitted a proposed stipulation and order, along with the required letter, the proposed settlement agreement and related papers. (*See* 8/31/26 Stip. & Order, ECF No. 30.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiff's claims, as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36

(S.D.N.Y. 2012). Moreover, the settlement does not implicate any other *Cheeks* concerns, such as overbroad releases or restrictive confidentiality provisions. *See Cheeks*, 796 F.3d at 206.

As part of the settlement, Plaintiff seeks approval of $5,425.21 in attorneys' fees and costs, which is one third of the settlement amount, pursuant to a contingency fee agreement. (*See* 8/31/26 Ltr., ECF No. 30-1, at 3; *see also* Retainer Agmt., ECF No. 30-3.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

The Court finds that the requested attorneys' fees are reasonable. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023). Moreover, where there is no ground upon which to question the reasonableness of the contingency agreement itself and the fees are "within the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *See Almanzar,* 2023 WL 6979460, at *3; *see also Miller v. United Parcel Serv., Inc.*, No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) ("Following *Fisher*, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff."). Here, the Court finds that the contingency fee agreement is reasonable and that the requested fees are consistent with the agreement. Accordingly, the Court approves the requested attorneys' fees.

The attorneys' fees shall be paid in installments of $542.52 (*i.e.*, $5,425.21 ÷ 10) from each of the ten monthly installment checks of $1,500.00.

For these reasons, the Court approves the settlement. This action is dismissed with prejudice, in accordance with the terms of the negotiated settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: New York, New York
September 1, 2026

STEWART D. AARON
United States Magistrate Judge